### In re FUNT.

No. 65-661.

Florida Industrial Commission.
Unemployment Compensation Board of Review.

November 24, 1965.

Patrick A. Mears and W. W. Stalvey, both of Tallahassee, for the commission.

Florida Unemployment Compensation Board of Review, J. D. WRIGHT, Jr., Chairman, WALTER L. LIGHTSEY, Member, FRANK M. NELSON, Jr., Member.

This cause came on for final administrative disposition by the board of review at Tallahassee on November 10, 1965, on claimant's appeal as of right, and was reviewed upon the record.

*Nature of previous decision:* The appeals referee reversed a determination by the claims examiner disqualifying claimant for benefits because she voluntarily left her employment without good cause attributable to her employer, but held claimant ineligible for benefits because not available for work.

*Findings of fact:* The claimant is a 46-year-old woman whose husband is chief of police in the small West Florida town where they live. The claimant has a ten-year-old daughter and prefers not to work at night because her husband is on 24-hour call.

Claimant had been employed about 4 years by a federal agency to July 15, 1965, when she resigned. The federal agency reported to the Florida Industrial Commission the reason for claimant's separation was: "Resigned — could not work scheduled hours because of family obligations." They further certified, in effect, that claimant had no set hours at the time of hire and that her hours were subject to change. In the beginning, claimant worked from 9:30 A.M. to 5 P.M., Tuesday through Saturday. On July 1, 1965, the hours were changed from 9:30 A.M. to 9 P.M., Monday through Sunday, requiring rotating shifts. Claimant could not work these hours because of domestic responsibilities, and resigned.

Claimant voluntarily left her employment without good cause attributable to the employer.

*Reasons for decision:* Title XV of the Social Security Act provides for the payment of unemployment compensation benefits to

federal civilian employees who are unemployed. The determinations made by a state agency as to a federal employee's entitlement to compensation benefits shall be subject to review in the same manner and to the same extent as other determinations made under the state unemployment compensation law. The federal agency's certification is final and binding on the referee as to the reason for the separation from the claimant's federal employment.

The Florida Unemployment Compensation Law provides that an individual shall be disqualified for benefits if the commission finds that he voluntarily left his employment without good cause attributable to the employer. The record and evidence in this case clearly show, as certified by the federal agency, that claimant left her job because of domestic responsibilities and because she could not work the hours assigned to her. We must conclude from the record and evidence that claimant voluntarily left her employment without good cause attributable to the employer.

*Decision:* The decision of the appeals referee, reversing the determination of the claims examiner disqualifying claimant for benefits because she voluntarily left her employment without good cause attributable to the employer, is reversed. That part of the appeals referee's decision holding the claimant ineligible for benefits because not available for work is moot.